JOHN P. CLARK, Appellant, *v.* CAROLINA AND YADKIN RIVER RAILWAY COMPANY, Respondent.

**Contracts — construction and effect of letters constituting agreement to do certain work and fixing compensation therefor.**

Plaintiff wrote defendant offering to do engineering work required by it " including supervision of construction, furnishing all plans and specifications and negotiations of contracts for six per cent of the completed work ending October 31st, 1914." Later he wrote that by his letter he meant that he would supervise the work and assume the same charges as before, " furnishing the same work, and also paying the expenses of certain employees    *    *    *    and after making a charge of six per cent on the total amount of construction, taking from that total of commissions the expenses of these various employees and a certain proportion of the office expenses." For a time, six per cent less expenses was paid plaintiff. Later, the defendant being dissatisfied, plaintiff wrote that it is understood under the agreement by which he was to receive six per cent on costs for engineering services that this charge should " not be more than $6,000." *Held*, that plaintiff by the latter statement limited the balance payable to him after the expenses were deducted to $6,000, and under this construction there was evidence supporting the plaintiff's claim of a balance due him.

*Clark* v. *Carolina & Yadkin River Ry. Co.*, 175 App. Div. 894, reversed.

(Submitted January 30, 1919; decided February 25, 1919.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered November 2, 1916, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Theodor Megaarden* for appellant. The trial court erred in its ruling on the construction of the agreement

alleged in the first cause of action and in dismissing the complaint on the merits at the close of plaintiff's evidence. (*Richardson Press* v. *Vandergrift,* 165 App. Div. 180; *Fleischman* v. *Furgueson,* 223 N. Y. 235; *Fulmer* v. *Southern Ry. Co.,* 67 S. C. 262; *Lamb* v. *Norcross Bros. Co.,* 208 N. Y. 427; *S. I. Shipbuilding Co.* v. *Spearin,* 149 App. Div. 854; *Stevens* v. *Amsinck,* 149 App. Div. 220; *Wirth* v. *Kahlenberg,* 31 Misc. Rep. 803.)  The trial court erred in excluding the evidence offered by plaintiff of what was said and done by the parties at the time payments were made by defendant to plaintiff under the agreement as modified alleged in plaintiff's first cause of action, the evidence being offered for the purpose of showing the construction placed by the parties themselves on the agreement, and particularly on the letter of January 2, 1914, which was construed by the court, and in construing the agreement as a matter of law, instead of admitting the evidence and submitting the case to the jury to determine, on all the evidence, the intention of the parties and the terms of the agreement. (*Woolsey* v. *Funke,* 121 N. Y. 87; *Nicoll* v. *Sands,* 131 N. Y. 19; *Sattler* v. *Hallock,* 160 N. Y. 291; *Seymour* v. *Warren,* 179 N. Y. 1; *Fox* v. *Coggeshall,* 95 App. Div. 410; *Genet* v. *Delaware, etc., Canal Co.,* 163 N. Y. 173; *Baldwin* v. *Feder,* 135 App. Div. 97; *Tanenbaum* v. *Levy,* 83 App. Div. 319; 178 N. Y. 594; *Lamb* v. *Norcross Bros. Co.,* 208 N. Y. 427; *Utica City Nat. Bank* v. *Gunn,* 222 N. Y. 204; *Trustees of East Hampton* v. *Vail,* 151 N. Y. 463; *First Nat. Bank* v. *Dana,* 79 N. Y. 108.)

*Martin Conboy* and *Philip S. Hill* for respondent.  The court's construction of the agreement, which is the basis of the first cause of action, is correct.  (13 Corpus Juris, 787, § 998; *Freeman* v. *Hedrington,* 204 Mass. 238; *Elliott* v. *Wanamaker,* 155 Penn. St. 67.)  The evidence of what was said and done by the parties at the time

of the payments, offered by the plaintiff for the purpose of showing the construction placed upon the agreement by the parties, was properly excluded. (*Giles* v. *Comstock*, 4 N. Y. 270.)

ANDREWS, J.   The defendant, a railway corporation, was building a road in North Carolina.  On November 3d, 1913, Mr. Clark in writing offered to do the engineering required by it " including supervision of construction, furnishing all plans and specifications and negotiations of contracts for six per cent of the completed work ending October 31st, 1914."   Apparently this offer was not entirely satisfactory.   The engineering department of the railway seems to have maintained an office at High Point which was in part used for the benefit of other corporations.  Mr. Clark had previously been employed by it under some arrangement which does not fully appear.   With this in mind, its president, Mr. Coler, spoke of the expenses of this office which had not been mentioned in the offer.   Under the prior contract of employment evidently some allowance had been made for these expenses.   Mr. Clark replied that by his letter he meant that he would supervise the work and assume the same charges as before, " furnishing the same work, that I had been doing, and also paying the expenses of certain employees at High Point, who were assisting in that work, the same expenses that had been paid by the engineering department before that time; to continue that arrangement and after making a charge of six per cent on the construction, total amount of construction, taking from that total of commissions the expenses of these various employees and a certain proportion of the office expenses."   This offer was accepted.

There can be little doubt as to what was intended. Mr. Clark was to do certain work, furnishing necessary plans at his own expense.  As compensation he was to

receive six per cent of the cost price of the completed work, less a part of the wages of certain employees and certain office expense of the railroad company. These were to be taken by the defendant from the six per cent and the balance paid to the plaintiff. The position taken by both parties equally upon this trial shows that this was their understanding. The records of these expenses were kept by the railroad company. Not six per cent but six per cent less the expenses was paid to Mr. Clark. The allegation of payment in the answer is based upon the proposition that the latter had received all that he was entitled to, because such a payment has been made.

Under this contract work was done in November, 1913. The defendant became dissatisfied and Mr. Coler told the plaintiff that he thought the latter " would receive too much pay." He asked what Mr. Clark thought he would receive up to the completion of a portion of the work. Mr. Clark replied that he thought he would receive about $6,000 in all. Mr. Coler then asked him if he would place a limit to the amount he would receive and Mr. Clark replied that he " would put a limit of $6,000 as to the amount that he should receive " during that time. Later, apparently so that this agreement might be upon record, Mr. Clark wrote Mr. Coler. It is understood that " under the agreement by which I receive six per cent on costs for engineering services that this charge from December 1st, 1913, until completion of the High Point Terminal shall not be more than $6,000."

The proper interpretation of this amendment of the original contract which the plaintiff in its complaint concedes to have been made is decisive upon this appeal. If, as the respondent claims, the plaintiff was entitled under it to receive at the most $6,000, less what the railroad company might properly expend upon the office, then the trial court was right in dismissing the complaint

at the close of the plaintiff's case. The defendant in that event had paid him all that was due him. If, on the contrary, Mr. Clark by this amendment simply limited the balance payable to him after the expenses were deducted to $6,000, then the dismissal was erroneous. Under that construction there was evidence in the case supporting the plaintiff's claim of a balance due him, for under this construction of the amended contract it should be observed that the burden of proof was upon the defendant to show the amount which might be deducted from the six per cent which Mr. Clark would otherwise receive.

The amended contract was at least ambiguous. It was, therefore, error on the part of the trial court to exclude evidence showing the practical construction put upon it by the parties between themselves.

Under all the circumstances, however, interpreting the original contract as we do, we think that the construction given to the amended contract by Mr. Clark is right as matter of law. It is true the evidence before us is not as complete as might be desired. At times we are required to draw inferences when the facts might have been proved. Upon a new trial, in view of additional testimony, a different result may be reached. But here, the plaintiff's version of the transaction is uncontradicted. Mr. Coler did not complain of the office expenses which were under the control of the railroad company. He feared Mr. Clark might receive an excessive amount for his services. This is what the latter referred to in his answer. As to this amount the limit was fixed. Nor does the letter which has been quoted contradict or vary this version. It too has to do with the amount to be received by Mr. Clark. " This charge," which it speaks of, is the charge for Mr. Clark's services.

The trial court erred in excluding the plaintiff's letter

of November 3, 1913, regarding a second contract for his employment as manager of the defendant.

The judgments of the courts below should be reversed and a new trial ordered, with costs to abide the event.

HISCOCK, Ch. J., COLLIN, CUDDEBACK, CARDOZO and POUND, JJ., concur; CRANE, J., not voting.

Judgments reversed, etc.